Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7711 | **DATE** | December 28, 2010 |
| **CASE TITLE** | Gregory Jimmie Brown (2010-0416123) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [6] is granted. The Court authorizes and orders Cook County Jail officials to deduct $8.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also issue summonses for the Defendants and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [3] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, Gregory Brown, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.
  Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $8.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
  Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
  Plaintiff alleges that in April of 2010, he developed serious dental problems. Plaintiff submitted dental requests on April 20 and 30, 2010, complaining of sever dental pain, bleeding gums, and back tooth pain. Plaintiff did not receive any dental treatment and he filed a grievance regarding the lack of dental care on May 15, 2010. Plaintiff never received a response to his grievance. Plaintiff also wrote a letter to Sheriff Dart regarding his needed dental care. Plaintiff did not receive a response from Sheriff Dart. Plaintiff filed another grievance on June 17, 2010, that also was never addressed. Plaintiff submitted another dental request on August 8, 2010, and another grievance on September 5, 2010, because he still had not received any dental care. Plaintiff received a response to his last grievance that indicated that he had a dental appointment on October 4, 2010. Plaintiff was not called for his October 4, 2010, dental appointment. Plaintiff alleges that Sheriff Dart and Cermak Health Services (through Dr. John Raba) permit and/or encourage a culture and informal policy of deliberate indifference to the dental needs of pretrial detainees. Plaintiff has sufficiently pled a cause of action against the named Defendants in their official capacities. The Defendants must respond to the complaint.

| STATEMENT |
|---|

  The United States Marshals Service is appointed to serve the Defendants.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process.  The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants.  With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections and/or County of Cook shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

  Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants].  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

  Plaintiff has also filed a motion for appointment of counsel.  Plaintiff's motion for appointment of counsel is denied.  Civil litigants do not have a constitutional or statutory right to counsel.  *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).  In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)).  If so, the Court must consider:  (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

  After considering these factors, the Court concludes that appointment of counsel is not warranted.  While Plaintiff indicates that he has made reasonable efforts to retain private counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint.  Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing.  In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.